**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DEIMY DILY CERRATO BARAHONA

Petitioner,
v.

3:26cv2079
ELECTRONICALLY FILED

MARKWAYNE MULLIN
in his Official Capacity, Secretary of the U.S.
Department of Homeland Security. ET AL.,
Respondents.

**MEMORANDUM ORDER DENYING PETITIONER'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE (DOC. 4)**

Pending is Petitioner's Emergency Motion for Temporary Restraining Order and Order to Show Cause. (Doc. 4)

This Motion requests that the Court:

1. Order the IMMEDIATE release of Petitioner.
2. Issue a Temporary Restraining Order Enjoining Respondents from removing Petitioner from the 3rd Cir until final resolution of the Habeas petition.
3. Order Respondents to show cause why a preliminary injunction should not be issued; and
4. Grant such other relief as the Court deems just and proper.

(*Id.* at 3).

Attached to Petitioner's Motion is a Status Update:

> Today at 3:57PM ET, we received a call from Petitioner's wife. She stated that Petitioner, through another detainee's phone account, called to say he was informed he would be transferred imminently. The last several times this has happened to clients, they have been moved to jails in Texas and Louisiana, both of which lie in the 5th Cir. We believe this is a deliberate attempt to try to "hide" Petitioner and render him ineligible for Bond in his new location, effectively defying the law in the 3rd Cir. Furthermore, communications at ICE jails in the 5th Circuit sometimes requires booking virtual legal calls a week in advance. For these reasons, we respectfully ask that the Court issue a non-transfer Order while the Petitioner remains pending.

(Doc. 4-1 at 2).

As recently explained by the district court in *Fuller-Woodson v. Weaver et al.*, Civ. No. 1:26-89, 2026 WL 2274545 (W.D. Pa. Aug. 7, 2026) (Baxter, J.):

> Temporary restraining orders and preliminary injunctions are governed under the same standard. *See Brown v. Wolf*, No. 2:16-cv-1081, 2026 WL 691386, *1 (W.D. Pa. Jan. 21, 20216), report and recommendation adopted, 2026 WL 688634 (W.D. Pa. Mar. 11, 20216). A preliminary injunction is appropriate only where: (1) the movant demonstrates a reasonable probability of success on the merits; and (2) the movant demonstrates irreparable harm if the injunction is denied; (3) the issuance of an injunction will not result in greater harm to the non-moving party; and (4) the public interest would best be served by granting the injunction. *Council of Alternative Political Parties v. Hooks*, 121 F.3d 876, 879 (3d Cir. 1997); *Opticians Ass'n of America v. Independent Opticians of America*, 920 F.2d 187, 191-92 (3d Cir. 1990). As the moving party, Plaintiff bears the burden of producing evidence to support the first two factors. *See Acierno v. New Castle Cty.*, 40 F.3d 645, 653 (3d Cir. 1994). Absent support for either of the first two factors, a court must deny the request for a preliminary injunction. *See id.; Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000).

*Fuller-Woodson*, 2026 WL 2274545, at *2.

For the following reasons, the Court will deny Petitioner's Motion for Temporary Restraining Order and Order to Show Cause.

First, this Court lacks jurisdiction to enjoin Respondents "from removing Petitioner from the 3rd Cir until final resolution of the Habeas petition." (Doc. 4 at 3). Congress has vested the Secretary of Homeland Security and his/her delegates, such as United States Immigration and Customs Enforcement ("ICE") with the authority to detain aliens pending a decision on their removal proceedings. 8 U.S.C. §§ 1231(a)(2), 1226(a), (c)(1). And Congress has vested the Department of Homeland Security ("DHS") with the discretion to set the place of detention. 8 U.S.C. § 1231(g)(1); *Sinclair v. Att'y Gen.*, 198 F. App'x 218, 222 n.3 (3d Cir. 2006) (collecting cases). Within DHS' discretion is the authority to transfer aliens from one detention center to another. *Calla-Collado v. Att'y Gen.*, 663 F.3d 680, 685 (3d Cir. 2011). Reading § 1231(g)(1) together with Congress's limitations in 8 U.S.C. § 1252(a)(2)(B)(ii) on federal district courts'

jurisdiction to review discretionary actions by DHS, federal district courts have concluded that they lack jurisdiction to review DHS' decisions under § 1231. *See, e.g.*, *Jane v. Rodriguez*, Civ. No. 20-5922, 2020 WL 10140953, *1-2 (D.N.J. May 22, 2020) (citing cases). Nor does the All Writs Act, 28 U.S.C. § 1651, provide the Court with jurisdiction to enjoin transfer. *Barrios v. Att'y Gen.*, 452 F. App'x 196, 198 (3d Cir. 2011) (jurisdiction-stripping provision in § 1252(g) of INA, which is identical to jurisdiction-stripping language of §1252(a)(2)(B)(ii), is not superseded by All Writs Act).

Second, this Court retains jurisdiction over Petitioner's present habeas petition even if he is subsequently transferred to a facility outside of the territory that is encompassed within the United States District Court for the Western District of Pennsylvania, and Petitioner has not demonstrated that should Petitioner be transferred outside of this territory, the Executive Office for Immigration Review ("EOIR") and its immigration courts will not follow an Order issued by this Court. *See Anariba v. Director Hudson Cty. Corr. Ctr.*, 17 F.4th 434, 446 (3d Cir. 2021) (explaining: "Applying the Supreme Court's holding in *Endo* that "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction," our analysis is straightforward: the District Court retained jurisdiction following Argueta's transfer out of New Jersey because it already had acquired jurisdiction over Argueta's properly filed habeas petition that named his then-immediate custodian, the director of the Hudson County Correctional Facility. *Padilla*, 542 U.S. at 441, 124 S.Ct. 2711 (reaffirming *Endo*'s 'important but limited' holding concerning the post-filing transfer of a § 2241 petitioner); *Endo*, 323 U.S. at 307, 65 S.Ct. 208. This conclusion conforms with our long-held belief that 'passing about of the body of a prisoner from one custodian to another after a writ of habeas corpus has been applied' does not defeat the jurisdiction of the

Court to consider the merits of the habeas petition. *Catanzaro*, 138 F.2d at 101.") (quoting *Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Ex parte Endo*, 323 U.S. 283 (1944); *In Ex parte Catanzaro*, 138 F.2d 100 (3d Cir. 1943), *cert. denied*, 321 U.S. 793 (1944)). Accordingly, the Court finds that Petitioner has not demonstrated that irreparable harm will occur to Petitioner if the relief sought in Petitioner's Motion is denied.

Third, to the extent Petitioner seeks a temporary restraining order that orders Petitioner's "IMMEDIATE release," Petitioner's request seeks the same substantive relief sought by his habeas petition, (*see* Doc. 1 at 3, 12), and requests affirmative relief, rather than the maintenance of the status quo. A temporary restraining order is not an appropriate avenue for this type of relief.

Fourth, in light of the above stated determinations, the Court will not "order Respondents to show cause why a preliminary injunction should not issue," and finds that no other relief is "just and proper" at this juncture in the proceedings.

Having so found, the Court understands Petitioner's habeas petition to ultimately be seeking a prompt review of his claims that he is being detained by Respondents in violation of 28 U.S.C. § 2241 and the Fifth Amendment to the United States Constitution. (*See* Doc. 1 at 9). Accordingly, an expedited case management schedule was issued on October 28, 2026. (*See* Doc. 2).

SO ORDERED this 29th day of October, 2026,
s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: ECF Counsel of Record